## THE STATE vs. JOHN HECK.

New. Castle County, September Term, 1893.

**Indictment. Variance.**—It is not a fatal variance where the indictment alleges the larceny on one person's waterproof coat whereas the proof is that the prisoner stole one gum coat.

**Same.**—The case will also be allowed to go to the jury if the indictment alleges the larceny of a pound of tobacco, while the proof is that less than a pound was stolen.

**Confession.**—A jury is not bound to accept the whole of the prisoner's statement, it may accept or reject such portions as it may deem proper.

The prisoner was indicted for the larceny of a waterproof coat and one pound of tobacco.

*Walter H. Hayes,* for the prisoner, moved that the court instruct the jury to bring in a verdict of "not guilty," on the ground that there was a fatal variance between the allegations in the indictment and the proof offered by the State, inasmuch as a "gum coat" is specified in the proof, while it is "a waterproof" in the indictment; the allegation was also made that a "pound" of tobacco was stolen, whereas the proof is that there was not a pound of tobacco.

*John R. Nicholson,* Attorney General, for the State.

LORE, C. J., delivered the opinion of the Court.

We understand the contention of the prisoner's counsel to be that the proof varies from the allegations in the indictment, so far as the description of the articles contained in the indictment is concerned, and that the variance is a fatal one. First, the proof is that it was this man's gum coat, and the allegation in the indictment is, "One person's garment, commonly called a waterproof coat, of the value of one dollar," etc. Second, the proof is that

there was not quite a pound of tobacco, some of the tobacco having been taken out of the package, while the indictment alleges that there was one pound of tobacco.

We have examined this question with as great a degree of care as could be given to it in the limited time afforded, and we think there is not that variance between the proof and the allegations in the indictment which would justify this Court in taking it away from the jury. You will observe that the same principles of law govern the proof as govern the description. In examining this matter we came to this very concise statement in 2 Russell, Crimes, 312, of the principles governing in such cases. " The general rule is given (1) that they should be described with such certainty as will enable the jury to decide whether the chattel proved to have been stolen is the very same with that upon which the indictment is founded, and (2) show judicially to the Court that it could have been the subject matter of the offence charged, and (3) enable the defendant to plead his acquittal or conviction to a subsequent in-dictment relating to the same chattel."

The proof, if sufficiently certain to meet these three points: First, that the jury may be satisfied that the article proved to have been stolen is the article charged in the indictment; second, to satisfy the Court that it was the subject of larceny, and third, sufficient to protect this man upon a subsequent indictment relating to the same chattel may go to the jury. We think this case comes clearly within that principle.

As to the other point that the prisoner's statement must be accepted or rejected as a whole, as my brother Cullen has said in the case of the *State vs. West*, it was very clearly presented to the Court on both sides, and the Court there held that that matter was for the jury, and that they might take the statement of the defendant and believe the whole of it, or that they might believe such part as tended to his guilt and throw out that which tended to his acquittal. In other words, it is for the jury to say whether they believe it or not.

*Verdict guilty.*